Johnnie Boyd ROE, Petitioner–
Appellant,

v.

Brian BELLEQUE, Superintendent
at OSP, Respondent–Appellee.

No. 06–35368.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 7, 2007.

Filed May 4, 2007.

Tonia L. Moro, Esq., Federal Public De-
fender's Office, Medford, OR, for Petition-
er–Appellant.

Douglas Park, Esq., AGOR—Office of
the Oregon Attorney General, Salem, OR,
for Respondent–Appellee.

Before: GOULD, PAEZ, and
RAWLINSON, Circuit Judges.

MEMORANDUM *

Johnnie Boyd Roe appeals the district
court's denial of his habeas petition chal-

* This disposition is not appropriate for publica-   tion and is not precedent except as provided

lenging his convictions for four counts each of unlawful use of a weapon with a firearm, attempted first-degree assault with a firearm, reckless endangering of another person, menacing, and pointing a firearm at another person, as well as one count each of second-degree assault and second-degree criminal mischief.[1] We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(a). The scope of our review under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") is narrow. *See* 28 U.S.C. §§ 2253, 2254(d).

■ Roe argues that his due process rights were violated when the prosecutor impermissibly commented on his silence and that such error was prejudicial. The prosecutor's statements during closing argument did violate Roe's due process rights. *See United States v. Whitehead,* 200 F.3d 634, 639 (9th Cir.2000). The error however, was harmless because it did not have a "substantial and injurious effect or influence in determining the jury's verdict." *See Brecht v. Abrahamson,* 507 U.S. 619, 638, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993).

Here, the evidence against Roe at trial was substantial and the prosecutor's comments on Roe's silence, while in error, were infrequent, comprising a few pages out of the hundreds of pages of trial transcript in this case. *See id.* at 639, 113 S.Ct. 1710. In particular, the evidence that Roe aided and abetted the offenses of his co-defendant Dwayne Villers was overwhelming. All three of the adult victims testified that Roe and Villers followed them in Roe's truck, shot repeatedly at the victims' vehicle, eventually shooting out both tires on the right-hand side, such that the victims were required to pull off to the

side of the road. Roe's testimony that he was unaware that Villers was shooting at the victims from the very same vehicle that he was driving is not credible. We have no doubt that absent the comment on silence the jury would have found Roe guilty of the offenses. Accordingly, we conclude that the violation of Roe's due process rights was not prejudicial under *Brecht* given the overwhelming evidence against Roe adduced at trial, and we affirm the district court's denial of Roe's habeas petition with respect to his due process claim.

■ Roe also argues that he received ineffective assistance of counsel when trial counsel failed to object to the prosecutor's leading questions concerning the nature of Doug Pizzola's injury for purposes of establishing a necessary element of the second-degree assault charge. Trial counsel's performance "fell below an objective standard of reasonableness" when counsel failed to object to the prosecutor's leading questions on re-direct examination of Pizzola with regard to the severity of the pain Pizzola experienced when he was struck by a rock. *See Strickland v. Washington,* 466 U.S. 668, 688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Roe has not however, demonstrated that he was prejudiced by trial counsel's unprofessional errors such that "there is a reasonable probability that ... the result of the proceeding would have been different" and cannot, therefore, satisfy the second prong of *Strickland. See* 466 U.S. at 694, 104 S.Ct. 2052.

Trial counsel's error in failing to object to the prosecutor's leading questions was not prejudicial because the testimony elicited from Pizzola prior to the leading questions along with other evidence established

by 9th Cir. R. 36–3.

1. Because the parties are familiar with the facts and procedural history, we do not re-

state them here except as necessary to explain our disposition.

the elements of second-degree assault under Oregon law. In order to prove second-degree assault, the prosecution was required to show that Roe intentionally or knowingly caused "physical injury" to Pizzola by means of a deadly or dangerous weapon. *See* Or.Rev.Stat. § 163.175. A "physical injury" is defined as an "impairment of physical condition *or* substantial pain." Or.Rev.Stat. § 161.015(7) (emphasis added). While the prosecutor's leading questions on re-direct examination were designed to impermissibly elicit testimony with regard to "substantial pain," Pizzola's testimony on direct examination coupled with the other evidence offered at trial, established that he had suffered an "impairment of physical condition" after he was struck in the shoulder by a large rock thrown by Roe, such that the element of "physical injury" was met.

Specifically, Pizzola testified that he was "nailed ... right in the back of the shoulder" by a rock the size of a "cantaloupe" which "stunned" and "hurt" him. This testimony was admitted on questions to which appellant had not objected and these prior questions were not leading or otherwise impermissible. Pizzola's statement that he "had more things on [his] mind than a little pain" was not in our view a statement that the pain suffered was insubstantial, but was instead bravado as well as an explanation of his desire to push on despite being hit by a large rock in order to check on his "little girl." Moreover, Pizzola identified pictures of the "mark" left on his back from the rock which were taken the next day by the police and which were admitted into evidence at trial. Though these photographs are not part of the record on appeal, the failure of the state to include them in the record is does not alter that Roe bears the burden of demonstrating prejudice. *See United States v. Quintero-Barraza*, 78 F.3d 1344, 1348 (9th Cir.1995) (petitioner claiming ineffective assistance bears the burden of demonstrating both deficient performance and prejudice). In addition, Officer Lichte, who took the pictures of Pizzola's injuries testified at trial that "Mr. Pizzola had an abrasion to his right back ... about three inch[es], [by] approximately [an] inch long abrasion...." Based on Pizzola's testimony on direct, the photographic exhibit that was reviewed by the jury, and Officer Lichte's testimony, there is no reasonable probability that the jury would not have concluded that Pizzola suffered "physical injury" under the statute.

We hold that Roe has not met his burden of demonstrating that he was prejudiced by trial counsel's ineffective assistance by not objecting to leading questions about injury and pain. Accordingly, we affirm the district court's denial of Roe's habeas petition with respect to his ineffective assistance of counsel claim.

**AFFIRMED.**

RAWLINSON, Circuit Judge, concurring.

I concur in the result.